UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.  Criminal No. 2:17cr72

**MICHAEL A. EIKER,**

      Defendant.

### MEMORANDUM and ORDER

This matter is before the Court on Defendant's motion in limine to exclude evidence of a personal recovery journal and images containing child pornography, ECF No. 21, and his motion to exclude images recovered from unallocated space, ECF No. 26. For the reasons noted below, Defendant's motion in limine is **GRANTED IN PART,** and **TAKEN UNDER ADVISEMENT IN PART,** and Defendant's motion to exclude images recovered from unallocated space is **DENIED.**

### I. Exclusion of Personal Recovery Journal

Pursuant to a search warrant executed at Defendant's residence, the Government seized a personal recovery journal that Mr. Eiker maintained from 2006-07 during his involvement with Sex Addicts Anonymous ("SAA"). See Gov.'s Mot. in Limine Br. at 3. The Government has indicated that it intends to offer

excerpts from this journal, but it has not yet identified which specific portions it will offer at trial. Defendant moves first to exclude all evidence taken from such journal. See Def.'s Mot. in Limine. at 2. According to Defendant, the journal was produced as a part of SAA's Twelve-Step Program, and it was intended to facilitate self-discovery through the writing down of "one's thoughts, feelings, experiences, fantasies and the like." Id. at 3. Such journals often serve "to chronicle an individual's sexual history from childhood to the present." Id. In pertinent part, the journal includes details apparently establishing that Defendant began accessing child pornography while he was between the ages of 22 to 25 (between approximately 1999 to 2002). See Journal at 186. This activity appears to have continued at least through the time that Defendant sought help from SAA in 2006. See id. at 166, 168. Further, the journal also includes several entries detailing that Defendant had acted out on his attraction to children. One passage notes that he had exposed himself to his neighbor's girls while babysitting them, and that he had later masturbated while watching them get changed. See id. at 186. Another passage states that he had exposed himself to another "young girl" and had coerced her "to perform oral on [him] many times." Id.

Federal Rule of Evidence 414(a) provides that "[i]n a criminal case in which a defendant is accused of child

molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." "Child molestation" is defined as "a crime under federal law" involving "any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414. Chapter 110 includes federal offenses involving the sexual exploitation of children, including "[c]ertain activities relating to material constituting or containing child pornography." 18 U.S.C. § 2252A.

Evidence that is otherwise admissible under Rule 414 is nevertheless subject to the Rule 403 balancing test. A district court applying this test should consider, "(1) the similarity between the previous offense and the charged crime, (2) the temporal proximity between the two crimes, (3) the frequency of the prior acts, (4) the presence or absence of any intervening acts, and (5) the reliability of the evidence of the past offense." United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007).

Defendant does not contest that the journal contains relevant evidence, but instead argues that it fails the Rule 403 balancing test because it is not a reliable record of any past offense. See Def's Mot. in Limine Br. at 3, ECF No. 21. Specifically, he claims that the nature of the journal, which allegedly contains numerous passages detailing Mr. Eiker's

"fantasies," makes any purported evidence of prior child molestation inherently unreliable. See Def's Mot. in Limine Br. at 3, 12, ECF No. 21. In addition, Defendant claims that admitting the journal will create "due process problems and significant unfair prejudice to Mr. Eiker" because the inflammatory nature of the prior child molestation will encourage a jury to convict on "the basis of the journal entries alone." See id. at 10.

The Government responds by noting that numerous courts have permitted the introduction of similar written admissions concerning child molestation under Rule 414. See Gov.'s Mot. in Limine Br. at 10, ECF No. 23. The Government also asserts that the journal meets all requirements of the Rule 403 balancing test articulated in Kelly. See id. Applying the Kelly factors, they note first that the time proximity between the conduct charged and the prior molestation is between 21 years at most and 11 years at the least, depending on the admission considered. See id. at 11. The Government claims this is close enough to allay concerns about the reliability of the writing, and in any case, they claim the temporal proximity factor is meant to be interpreted broadly. See id. They also claim that concerns about the reliability of the evidence are minimal because the Defendant was the author of the journal. See id. With respect to the concern that some of the admissions in the

journal are "imagined," the Government asserts that this concern is largely irrelevant because, even if they were only fantasies, multiple admissions about having "fantasies" of viewing child pornography would be probative of defendant's knowledge and mens rea. See id. The Government also points to the absence of any significant intervening acts between the last admission and the instant charges, as well as the apparently high frequency of the prior acts, as providing further support that this evidence passes the Rule 403 balancing test.

In analyzing this evidence, the Court must first determine whether it is admissible under Rule 414. To be admissible, (1) the defendant must be accused of a crime involving child molestation, and (2) the evidence being admitted must be evidence of the defendant's commission of another offense involving child molestation. See generally Kelly, 510 F.3d at 436-37. In addition, because Rule 414 evidence is a type of prior act evidence, a district court considering whether to admit such evidence must heed the Supreme Court's instruction in Huddleston to first determine that a reasonable jury could find by a preponderance of the evidence that the defendant committed the prior act. See Huddleston v. United States, 485 U.S. 681, 690 (1988).

Applying the above standard to the instant case, the Court notes that the journal evidence is of the type that is

admissible under Rule 414, but reserves judgment on admissibility pending the upcoming hearing. Defendant has been charged with the receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). These are crimes constituting "child molestation" for purposes of Rule 414 because they are found in 18 U.S.C. Chapter 110. See Fed. R. Evid. 414. The evidence in the journal also clearly documents other acts of child molestation. As to whether there is sufficient evidence from the journal for a jury to conclude by a preponderance of evidence that each prior act has been committed, the Court will reserve judgment until it has heard further argument at the upcoming hearing. The Court notes that this case presents a more difficult set of facts than the cases cited by the Government regarding written admissions of child molestation, as the details in this case regarding the sexual abuse of children are less specific than any of the cited cases. As noted below, the Defendant's argument that some of these passages may be "fantasy" also complicates matters somewhat. The Court will be better positioned to judge the matter after it hears further argument from the parties regarding which journal entries the Government will offer on the grounds that they constitute admissions of specific prior acts of child molestation, and what Defendant's precise argument is

regarding whether the asserted passages are fantasy.

Though the Court will reserve judgment regarding the exclusion of the journal, the Court will make several findings regarding the Rule 403 balancing test in order to streamline argument at the upcoming hearing. Applying first the temporal proximity factor, the Court agrees with the Government that the intervening period between alleged prior acts and the instant charges — somewhere between eleven and twenty-one years — does not render the prior acts inadmissible. This period is within the range that both our Court of Appeals and a sister circuit have upheld in such cases. See United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016) (finding a twenty year intervening period to be acceptable); Kelly, 510 F.3d at 437 (finding a twenty-two year intervening period did not render the prior acts inadmissible).

As to whether the alleged prior acts are similar to the instant charges, the Court first notes that the evidence regarding the prior receipt and possession of child pornography is identical to the charged conduct. For the other evidence concerning prior child molestation, several other courts have found that evidence of child molestation involving actual sexual contact is similar to receipt and possession of child pornography for purposes of the Rule 403 balancing test, as both types of offenses are probative of a sexual interest in

7

children. See Emmert, 825 F.3d. 909 (affirming the introduction of convictions for sexual abuse where the charged offense was possession of child pornography); United States v. Mason, 532 F. App'x 432, 437 (4th Cir. 2013) (unpublished) (affirming the introduction of convictions for taking indecent liberties with children where the charged offense was possession of child pornography); United States v. Lafond, No. 15-CR-20788, 2017 WL 345637, at *3 (E.D. Mich. Jan. 24, 2017) (permitting the introduction of evidence that the defendant had previously molested a ten-year-old child where the charged offense was possession of child pornography). Here, Defendant's prior acts demonstrate an interest in prepubescent girls, and the images described as forming the basis for Counts 1-3 show victims engaged in sexual conduct similar to that of the prior acts. See Gov.'s Mot. in Limine Br. at 3-4 (describing two images that show prepubescent girls performing oral sex on adults, and a third image that shows a nude, prepubescent female exposing her genitals). In addition, while the prior acts here are clearly disturbing, they do not have a strong danger of causing unfair prejudice because they concern similar types of sexual exploitation to those for which Defendant has been charged.

The next two factors—the frequency of prior sexual molestation and the absence of any intervening event—also weigh in favor of finding that this evidence passes the Rule 403

balancing test. As to frequency, the journal appears to demonstrate that Defendant's usage of child pornography was not sporadic, but had been frequent for years by the time he began keeping the journal. The journal's descriptions of multiple other incidents of sexual molestation similarly give the impression that they were not isolated events. Moving next to the factor of whether there was an intervening event, the Court is not aware of any evidence of a subsequent rehabilitation of the Defendant that would make consideration of this journal unfair in light of his changed behavior.

The final factor—the reliability of the evidence of the prior act—presents an issue best addressed after hearing further argument at the upcoming hearing. The Court first notes that the fact that Defendant was the author of the journal weighs in favor of finding its contents to be reliable. See <u>United States v. O'Connor</u>, 650 F.3d 839, 852-54 (2d Cir. 2011) (finding that passages from an autobiography that were admitted under Rule 414 were reliable because the passages were written by the defendant). However, Defendant's argument that the journal's contents are unreliable because some of the entries might represent "fantasies" or have been "imagined" would, if such argument proves credible, seriously undermine the reliability of the journal. At this time, Defendant's argument, as it pertains to the passages cited by the Government, has not been presented

clearly enough for the Court to understand its merits.

The Court notes that it is skeptical, given the context of the cited passages, that they could conceivably be fantasy. Nothing in these passages indicates that they are anything other than a straightforward recording of the events of Defendant's sexual history and of his struggles with sexual compulsions. While Defendant asserts that SAA journals typically include "fantasies and the like," see Def.'s Mot. in Limine Br. at 3, the Court is not aware of any evidence to that effect. Defendant also cites the Twelve Steps of the SAA, several of which indicate participants should make a moral inventory of their sexual history. See id. at 3 (noting Step 4, "Made a searching and fearless moral inventory of ourselves[;]" Step 5, "Admitted to God, to ourselves, and to another human beings [sic] the exact nature of our wrongs[;]" Step 8, "Made a list of all persons we had harmed and became willing to make amends to them all[;]" and Step 10, "Continued to take personal inventory and when we were wrong promptly admitted it."). In the Court's view, the cited passages read like a sincere effort to document the actual events of Defendant's sexual history, and, as Defendant admits, reflect an effort to address Steps 4, 5, 8, and 10. See also Def.'s Motion in Limine at 3. In addition, while the Court is unaware of other cases featuring claims that a written admission of prior molestation was actually a work of

10

"fantasy," two other courts faced with somewhat similar claims in cases involving attempted solicitation of minors have been skeptical of such arguments. See United States v. Knope, 655 F.3d 647, 657 (7th Cir. 2011) (rejecting a claim that apparent attempts to solicit minors were "harmless fantasy," and noting that the context made it clear that the defendant was making an actual solicitation); United States v. Angle, 234 F.3d 326, 342 (7th Cir. 2000) (same). Nonetheless, because the Court cannot conclude that Defendant's argument is without merit, a determination regarding the reliability of the journal will be reserved for the upcoming hearing.

Therefore, because the Court believes it will be better positioned to determine whether to exclude the journal after the upcoming hearing, Defendant's motion to exclude the journal is **TAKEN UNDER ADVISEMENT** pending the hearing.[1]

## II. Marital Privilege

Defendant also seeks a pre-trial ruling that certain communications between Defendant and his wife concerning the SAA journal and his participation with the SAA are confidential and privileged. The parties, however, appear to be in agreement

---

[1] Defendant also argues that this evidence is inadmissible under Rule 404(b) because it is propensity evidence. See Def.'s Mot. in Limine Br. at 12, ECF No. 21. At this stage, because the Government clearly intends to seek the admission of this evidence under Rule 414, which explicitly permits propensity evidence, the Court believes that the analysis under the factors articulated in Kelly is applicable.

that communications within a marriage are presumed to be confidential and privileged, and the Government states categorically that it will not seek to explore confidential marital communications through the testimony of Defendant's wife. See Gov.'s Mot. in Limine Br. at 13. The Government does, however, note that it may seek testimony from Defendant's wife regarding her observations of Defendant during their marriage and of the actions she took based on these observations. See Gov.'s Mot. in Limine Br. at 13, ECF No. 23.

Nonetheless, to the extent that the Government ultimately later chooses to explore <u>confidential communications</u> between the Defendant and his spouse regarding the SAA journal, the Court **GRANTS** Defendant's motion to exclude such testimony.

### III. Exclusion of Images Containing Child Pornography

Defendant next moves to preclude the publication of the videos or images of child pornography to the jury. See Def.'s Mot. in Limine Br. at 4. He argues that these images are unfairly prejudicial, and offers to instead stipulate that the relevant images and videos contain child pornography in lieu of showing the videos and images to the jury. The Court prefers to rule on such motion after hearing further argument from the parties, and such motion will be **TAKEN UNDER ADVISEMENT** pending the upcoming hearing.

The Court is aware of its duty to review evidence challenged under Rule 403 before ruling on whether to admit it. In order to facilitate review of this evidence, the Government is **ORDERED** to produce to the Court and to opposing counsel, by December 19, 2017, the images or video clips that it intends to present to the jury.

**IV. Exclusion of Images Recovered from Unallocated Space**

Defendant also moves to exclude evidence recovered from the unallocated space of his government laptop. See Def.'s Mot. to Exclude at 1, ECF No. 26. Defendant argues that the images must be excluded because "they cannot be authenticated and they are irrelevant." Id. at 2.

As to authentication, Defendant claims that the images cannot meet the requirement of Federal Rule of Evidence 901(a), which states that to authenticate an item, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Defendant claims that because the files recovered from unallocated space lack the relevant metadata—such as when the images were created, downloaded, accessed, or deleted—they categorically cannot be shown to be connected to Mr. Eiker during the dates of March 1, 2016 to March 10, 2016. See Def.'s Mot. to Exclude at 2-3.

The Government responds that it need not prove each element

of the charge in order to authenticate this evidence. See Gov.'s Mot. to Exclude Br. at 4-5. It points out that to authenticate the images, it must only show that they are what it submits them to be. See id. at 5. The Government claims to be offering the images primarily as evidence that child pornography was found on Eiker's laptop. See id. They maintain that they will offer different evidence to prove Mr. Eiker's knowing possession of such images. See id. at 5-6. Therefore, to authenticate these images, the Government claims it must only put on some evidence that the images are child pornography and that they were recovered from the government laptop issued to Mr. Eiker. See id. at 6.

"To establish authenticity, the proponent need not rule out 'all possibilities inconsistent with authenticity, or . . . prove beyond any doubt that the evidence is what it purports to be. Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood.'" United States v. Alicea-Cardoza, 132 F.3d 1, 4 (1st Cir. 1997) (quoting United States v. Holmquist, 36 F.3d 154, 168 (1st Cir. 1994)). "This requirement is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." United States v. Pluta, 176 F.3d 43, 49 (2d Cir. 1999) (internal quotation and citations omitted). The burden on the proponent is a light one, as the ultimate

14

determination as to whether a piece of evidence is what its proponent claims rests with the jury. United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009).

Applying the above standard to the facts of this case, the Court agrees with the Government that authenticating these images would not require that the Government first prove beyond any doubt Eiker's knowing possession of such images. In order to authenticate the images, the Government must introduce sufficient proof so that a reasonable juror could conclude that this evidence is what the Government says it is—digital images containing child pornography that were found on a computer issued to Defendant. This, the Government can (and presumably will) do by offering the testimony of witnesses who were present and observed the procedure by which the evidence was obtained from Eiker's computer. The Government will likely thereafter offer other direct and circumstantial evidence of Eiker's knowledge of the images during the relevant dates. In light of these considerations, the Court is not convinced that these images cannot be authenticated.[2]

Defendant next argues, based on United States v. Flyer, 633

---

[2] Defendant also contends that these images might be irrelevant under Federal Rule of Evidence 104(b). See Def.'s Mot. to Exclude at 3, ECF No. 26. Given that these images form the basis for Count Two, the Court cannot find that these images are irrelevant to that count. To the extent that Defendant is arguing that the evidence concerning these images is insufficient, the Court believes that an assessment of the sufficiency of the evidence is not warranted prior to the presentation of the Government's case-in-chief.

F.3d 911 (9th Cir. 2011), that the images recovered from unallocated space should be excluded because they provide an insufficient evidentiary basis to support a conviction for knowing possession of child pornography. See Def.'s Mot. to Exclude at 4, ECF No. 26. However, as the Government points out, Flyer stands merely for the proposition that evidence of images recovered from unallocated space, standing alone, cannot support such a conviction. See Flyer, 633 F.3d at 920. The Court believes that Defendant's argument based on Flyer is best characterized as a challenge to the sufficiency of the evidence. In the Court's view, any assessment of the sufficiency of the evidence is premature prior to the presentation of the Government's case-in-chief.

Therefore, Defendant's motion to exclude images recovered from unallocated space, ECF No. 26, is **DENIED**.

## V. Conclusion

For the reasons stated above, Defendant's motion in limine, ECF. No. 21, is **GRANTED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**, and Defendant's motion to exclude images recovered from unallocated space, ECF No. 26, is **DENIED**.

IT IS SO ORDERED.

/s/ *signature*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

December 18, 2017